IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JERRY JAY WRENN,

        Petitioner,        Civil No. 09-703-TC

        v.                       FINDINGS AND
                                     RECOMMENDATION

MARK NOOTH,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections (ODOC) pursuant to multiple judgments issued between 1989 and 2009 from Multnomah and Umatilla Counties after convictions for Robbery in the First Degree, Attempted Assault in the First Degree, Felon in Possession of a Weapon, and Assaulting a Public Safety Officer. Exhibit 101. In November, 2002, petitioner was released on parole. He subsequently violated the conditions of parole and the Oregon

1 - FINDINGS AND RECOMMENDATION

Board of Parole and Post-Prison Supervision (Board) revoked it.

Petitioner does not attack his convictions in this proceeding. Rather, he challenges the calculation of his sentences. Specifically, petitioner alleges that his sentences have expired because a 1990 action by the Board modified the judicial imposition of consecutive sentences. Amended Petition (#5).

Respondent now moves to deny relief and dismiss this proceeding on the ground that petitioner did not file the habeas petition within the time allowed by 28 U.S.C. § 2254. Response (#22).

Under § 2244(d), a petitioner has one year from the date a direct appeal is final to file a petition under 28 U.S.C. § 2254. The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after finality and before collateral filing, and time after the final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999). For petitioner's challenging parole board decisions, the federal statute begins to run when the parole administrative process is final. 28 U.S.C. § 2244(d)(1)(D); see also Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003) and Shelby v Bartlett, 391 F.3d 1061 (9th Cir. 2004).

In 1989, petitioner was convicted of first-degree attempted assault and two counts of first-degree robbery. The

2 - FINDINGS AND RECOMMENDATION

sentencing court imposed two 16-year sentences for the robbery convictions and a 10-year sentence for the assault conviction, ordering petitioner to serve all sentences consecutively. Exhibit 128, Att. 6.  In 1990, petitioner was convicted of first-degree robbery with a firearm, and sentenced to a 20-year indeterminate term to be served concurrently with all other sentences.  Exhibit 128, Att. 9.  In September, 1990, the Board "unsummed" the minimum prison terms for petitioner's offenses, and set an 84-month prison terms with an October 30, 1996 release date.  Id., Att 10.  In 2003, the Board revoked petitioner's parole and he was returned to DOC custody.  Id., Att. 12, 13.

In Board Action Form ("BAF") #31 dated December 3, 2003, the Board denied re-release, set a new parole date, and stated thaaht the ODOC was to compute petitioner's release date. Exhibit 102.  Petitioner timely sought administrative review of BAF #31, but did not raise the issue of the release date computation by ODOC.  Exhibit 103.  The Board denied relief in its Administrative Review Response (ARR) #3, dated February 17, 2004.  Exhibit 104.  Petitioner filed a petition for judicial review, Exhibit 107, on April 26, 2004, but the Oregon Court of Appeals dismissed the petition *sua sponte* because it did not present a substantial question of law, Exhibit 111, and the Oregon Supreme Court denied review. Exhibit 113. The appellate judgment issued on February 16, 2006.  Exhibit 114.

3 - FINDINGS AND RECOMMENDATION

In a letter dated October 18, 2006, petitioner requested the Board to re-open and reconsider BAF #31, but it denied the request in ARR #5, in part, because the issue could have been raised "through established procedure for administrative review." Exhibit 106. Petitioner filed a petition for judicial review, Exhibit 141, on February 1, 2007, but petitioner subsequently moved to dismiss it. The Oregon Court of Appeals dismissed the appeal and issued the appellate judgment on June 20, 2007. Exhibit 145.

The Board found that petitioner could have sought review of the sentence computation issue in a timely manner following the issuance of BAF #31. [Petitioner sought administrative review of BAF #31, but did not raise the sentence computation issue. See, Exhibit 103]

Thus, under §2244(d)(1)(D), and *Redd v. McGrath*, supra, the federal limitations period began running on January 26, 2004, the latest date on which petitioner could have sought administrative review of BAF #31.[1] Thus, petitioner had one year from January 26, 2004, excluding any time during which a state collateral remedy,[2] was pending to file a federal habeas

---

[1] Pursuant to OAR 255-080-001 through 255-080-0015, petitioner was required to file an administrative review request form to the Board within 45 days of the mailing date of the order.

[2] Petitioner filed a petition for habeas corpus and a petition for alternative writ of mandamus in separate state court proceedings in 2006 and 2007, respectively, but neither was an appropriate remedy and, therefore, under Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005), neither were properly filed and did not toll the federal limitations period.

4 - FINDINGS AND RECOMMENDATION

corpus petition. § 2244(d)(2)

Between January 26, 2004, the latest date on which petitioner could have sought administrative review, and July 24, 2009, the date on which petitioner filed the instant petition, 1,976 days accrued. Therefore, the petition was not filed within the limitations period.

The court previously denied respondent's motion to deny relief on the ground that the petition in this case was not timely filed without prejudice, and requested briefing on the merits of petitioner's claim. *See*, Order (#9) entered October 26, 2010.

Respondent subsequently filed an excellent, comprehensive Supplemental Response (#30) which was very helpful to the court. Because the statute of limitations issue is dispositive, it is not necessary to address the arguments raised in respondent's Supplemental Response (#30) in detail. However, I note for the record that respondent's supplemental response demonstrates that petitioner failed to present his claim in this proceeding to the state's highest court as a federal constitutional claim and therefore it is procedurally defaulted and that petitioner's claim concerns the interpretation of state law, and is therefore not reviewable by this court.

Assuming *arguendo* that petitioner's claim is properly before the court, I find that it fails on the merits.

Petitioner's claim hinges on the argument that ORS

5 - FINDINGS AND RECOMMENDATION

144.783(2) gave the Board the authority to unsum judicially imposed consecutive sentences. However, the Oregon Supreme Court has interpreted ORS 144.783(2) and concluded that the Board does not have the power to unsum consecutive sentences. Severy v. Board of Parole, 318 Or. 172, 178-79, 864 P.2d 368 (1993); see also, Strawn v. Board of Parole, 217 Or. App. 542, 176 P.3d 426 (2008); Haskins v. Palmateer, 186 Or. App 159, 165, 63 P.3d 31 (2003). The Oregon Supreme Court's interpretation of state law is binding on this court.

Based on all of the foregoing, petitioner's Amended Petition (#5) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

6 - FINDINGS AND RECOMMENDATION

judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).

DATED this 7 day of November, 2011.

Thomas M. Coffin
United States Magistrate Judge

7 - FINDINGS AND RECOMMENDATION